NOT FOR PUBLICATION                                                                                   CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR ORTIZ,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Action No.: 09-3829 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

Currently before the Court is Petitioner Victor Ortiz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States (hereinafter referred to as the "Government"), submitted an Answer in response to the motion. The Court has considered the parties' submissions. For the reasons set forth below, the Court denies Petitioner's motion.

## BACKGROUND

A.    **Criminal Information and Guilty Plea**

Petitioner was arrested on March 23, 2007 after receiving several cash payments from a cooperating witness in exchange for acts to be performed by Petitioner and his co-defendant in their official capacity as building inspectors for the Housing Authority of the City of Paterson, New Jersey. On March 27, 2007, the Government issued a one-count criminal complaint which charged Petitioner with Conspiracy to Obstruct, Delay, and Affect Interstate Commerce by Extortion under

Color of Official Right in violation of 18 U.S.C. § 1951(a). On June 18, 2007, Petitioner was charged by indictment.

On January 28, 2008, Petitioner signed a plea agreement in which he agreed to plead guilty to the one-count information. Therein, the parties agreed that: (1) Petitioner's applicable offense level under the Sentencing Guidelines would be 15, and (2) neither party would "seek or argue for any upward or downward departure, adjustment that was not set forth therein." Plea Agreement at 7. Petitioner also expressly waived his right to challenge his sentence through any appeal or collateral attack, including a motion under 28 U.S.C. § 2255, should the Court determine that his applicable offense level under the Sentencing Guidelines was at or below level 15. See id.

On the same day, the Court presided over a plea hearing conducted pursuant to Fed. R. Crim. P. 11, during which Petitioner was advised of the rights he was waiving by pleading guilty to Count One of the indictment and of the potential consequences of his guilty plea. Once again, Petitioner (orally) waived his right to appeal should the Court determine that his applicable offense level was at or below level 15. See Tr. (Jan. 28, 2008) at 18:10-19:19.[1] The Court also advised Petitioner that he may be subject to a statutory maximum sentence of 20 years imprisonment and a fine of up

---

[1] An excerpt from Petitioner's plea hearing illustrating Petitioner's understanding of this waiver is as follows:

| | |
|---|---|
| THE COURT: | In your plea agreement letter, in Schedule A, Paragraph 9, you have indicated that you realize and understand that you are waiving your right to appeal if the guideline offense level that I determine applies to your case is 15 or less. . . . Do you understand that? |
| MR. ORTIZ: | Yes. |
| THE COURT: | Have you discussed the waiver of appeal with your attorney? |
| MR. ORTIZ: | Yes. |

Tr. (Jan. 28, 2008) at 18:15-19:19.

to $250,000 or twice the gross amount of financial gain or loss resulting from the offense. See id. at 17:3-9; Plea Agreement at 2.

**B.     Sentencing**

The Court presided over Petitioner's sentencing hearing on June 4, 2008. The Court considered the arguments raised by Petitioner's counsel, Miles Feinstein, and ultimately sentenced Petitioner to eighteen (18) months imprisonment, at the low end of the applicable guidelines range, plus an additional three (3) years of supervised release. See Judgment at 2-3.

**C.     Petitioner's Section 2255 Claims**

Petitioner now asks the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts that his Sixth Amendment right to counsel was violated because his attorney, Mr. Feinstein, was ineffective in representing him. In particular, Petitioner claims that Mr. Feinstein was ineffective for (1) failing to object to the Government's alleged violation of the Speedy Trial Act; (2) failing to challenge certain evidence presented by the Government; (3) failing to argue for a downward departure based on Petitioner's medical condition, strong family ties, and lack of prior criminal history; (4) failing to file an appeal after sentencing even though he was asked to file one by Petitioner; and (5) assuring Petitioner that he would be eligible for a sentence of probation when in fact he was not. Thus, Petitioner requests re-sentencing, or, in the alternative, an evidentiary hearing to determine the extent of constitutional violations resulting from Petitioner's representation and to determine whether Petitioner is entitled to further downward departures based on alleged mitigating factors.[2]

---

[2] Based on the reasons set forth herein, the Court denies Petitioner's request for an evidentiary hearing, finding, instead, that the record in this case conclusively shows that Petitioner is not entitled to relief under section 2255. See, e.g., Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

## LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, Petitioner is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution.

In considering the instant 2255 motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvin, No. 06-1815, 2008 WL 803924, at *1 (3d Cir. March 27, 2008) (citing United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005)). Moreover, this Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). The court now turns to the substance of Petitioner's arguments.[3]

## LEGAL DISCUSSION

Petitioner presents several arguments in support of his request that this Court vacate, set aside, or correct his sentence pursuant to § 2255. For instance, Petitioner claims that his attorney was ineffective for (1) failing to object to the Government's alleged violation of the Speedy Trial

---

[3] Given Petitioner's pro se status, the court will construe the motion liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4

Act; (2) failing to challenge certain evidence presented by the Government; (3) failing to argue for a downward departure based on Petitioner's medical condition, strong family ties, and lack of prior criminal history; (4) failing to file an appeal after sentencing even though he was asked to file one by Petitioner; and (5) assuring Petitioner that he would be eligible for a sentence of probation when in fact he was not. The Court will consider each of Petitioner's arguments, but must first consider whether he may bring the instant § 2255 action at all, considering his waiver of his right to do so, both in writing in his Plea Agreement and orally at his plea hearing.

**A.     Implication of the Waiver**

A review of the record in this matter reveals that Petitioner has expressly waived his right to bring this § 2255 petition. See Plea Agreement at 7. The relevant provision in Petitioner's Plea Agreement states:

> Victor Ortiz knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15.

(Plea Agreement at 7). By challenging his sentence in a § 2255 motion, Petitioner implicates the waiver. Since the waiver is implicated, the Court must next consider whether the waiver is enforceable.

**B.     Validity of the Waiver**

Waivers of a right to appeal or collaterally attack a sentence are generally valid when entered into knowingly and voluntarily unless enforcing such a waiver would result in a miscarriage of justice. See United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001) (upholding the validity of

a knowing and voluntary waiver of one's right to appeal provided that it did not result in a miscarriage of justice); United States v. Perry, 142 Fed. Appx. 610, 611 (3d Cir. Aug. 8, 2005) (noting that collateral attack waivers are also valid if they meet the Khattak test). Thus, this Court will enforce Petitioner's waiver, provided that it was made knowingly and voluntarily and that its enforcement would not result in a miscarriage of justice. See generally United States v. Mabry, 536 F.3d 231, 243 (3d Cir. 2008) (instructing that "a district court has an independent obligation to conduct an evaluation of the validity of a collateral waiver").

### 1. The Knowing and Voluntary Nature of the Waiver

It is clear that Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence. The plea agreement, which Petitioner signed, states that Petitioner "waive[s] certain rights to file an appeal, collateral attack . . . including but not limited to . . . a motion under 28 U.S.C. § 2255." (Plea Agreement at 3-4). See also Plea Agreement, Schedule A at 7 (same). Moreover, Petitioner expressed both in writing and orally at the plea hearing that he fully understood the terms of his Plea Agreement. See Tr. (Jan. 28, 2009) at 6:21-7:10.

In light of the foregoing, this Court finds that Petitioner did indeed knowingly and voluntarily waive his right to appeal or collaterally attack his sentence. See, e.g., Khattak, 273 F.3d at 563 (finding that the defendant waived his right to appeal knowingly and voluntarily where the sentencing judge inquired as to whether the defendant understood his rights and defendant received a sentence within the terms of his plea agreement); Richardson v. United States, No. 07-5593, 2008 WL 4104681, at *3 (D.N.J. Sept. 4, 2008) (Linares, J.) (finding that petitioner waived his right to collaterally attack his sentence knowingly and voluntarily where the agreement that he signed and his statements at the plea hearing indicated that his waiver was knowing and voluntary, and he

received a sentence within the terms of his plea agreement). Thus, the Court will enforce Petitioner's waiver unless doing so would result in a miscarriage of justice.

### 2. Miscarriage of Justice

Given the Court's finding that Petitioner's waiver was knowing and voluntary, the Court may only reach the merits of Petitioner's claims in order to avoid "a miscarriage of justice." Khattak, 273 F.3d at 563; Richardson, 2008 WL 4104681, at *4. In Khattak, the Third Circuit cited with approval the factors set forth in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001). These "miscarriage of justice" factors include: "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" Khattak, 273 F.3d at 563 (citing Teeter, 257 F.3d at 26). Specifically, the Third Circuit has instructed that "enforcing a collateral attack waiver where constitutionally deficient lawyering prevented [petitioner] from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice." United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007). The Court will, therefore, only consider colorable claims of error which could, arguably, result in a miscarriage of justice should the Court enforce Petitioner's collateral attack waiver. See Richardson, 2008 WL 4104681, at *4. Upon examination of each of Petitioner's claims, the Court finds that only the following claim warrants further discussion in light of Third Circuit precedent: counsel's alleged failure to file a direct appeal.

<u>Counsel's Failure to Appeal</u>

Petitioner argues that his counsel's failure to file an appeal of the sentence imposed despite his request to do so constitutes ineffective assistance of counsel and that enforcing his collateral

attack waiver would, therefore, result in a miscarriage of justice.[4]  (Pet'r Br. at 8).  However, Petitioner's plea agreement expressly prohibited an appeal challenging his sentence if that sentence fell "within or below the Guidelines range that results from agreed total Guidelines offense level of 15."  (Plea Agreement at 7).  As previously indicated, Petitioner's plea colloquy confirmed that he understood and realized he was waiving his right to appeal if the Court determined that the applicable Guideline offense level was 15 or less.  See  Tr. (Jan. 28, 2008) at 18:15 - 19:16.  Since Petitioner did, in fact, receive a sentence at the bottom of the range for an offense level of 15, his waiver of his right to appeal the sentence was triggered.  As the Third Circuit instructed, "there is no reason to presume prejudice amounting to a miscarriage of justice in such a situation where the attorney's filing of an appeal would constitute a violation of the plea agreement."  Mabry, 536 F.3d at 240-41.  Here, the appeal which counsel allegedly failed to make on Petitioner's behalf – challenging the sentence imposed by the Court – would have been barred by the terms of the Plea Agreement.  Petitioner has given the Court no reasonable basis on which to find otherwise.  Therefore, to the extent that Petitioner argues that his counsel's failure to file said appeal is presumed prejudicial and that such prejudice amounts to a miscarriage of justice if the collateral attack waiver is enforced, such argument is rejected.  See, e.g., Mabry, 536 F.3d at 243 (concluding that "enforcing the waiver would not result in a miscarriage of justice" where Mabry "has not identified any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack in his petition").

---

[4] Though Petitioner has not worded his argument as such, given his pro se status, the Court construes Petitioner's argument liberally.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

8

Remaining Claims

Having found Petitioner's waiver valid and enforceable, the Court need not consider any claims of ineffective assistance that have no bearing on the knowing and voluntary nature of Petitioner's waiver and/or his understanding of the terms of his plea.  See, e.g., United States v. Robinson, No. 04-884, 2004 WL 1169112, at *4 (E.D. Pa. Apr. 30, 2004) (upholding petitioner's collateral attack waiver where his claims of ineffectiveness were based on counsel's performance during sentencing rather than on counsel's performance when entering into the plea agreement), appeal dismissed, 244 Fed.  Appx. 501 (3d Cir. 2007); Shedrick, 493 F.3d at 298 (noting that "enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [petitioner] from understanding his plea . . . would result in a miscarriage of justice") (emphasis added); Teeter, 257 F.3d at 25 n.9 (noting that a miscarriage of justice would result if the "plea proceedings were tainted by ineffective assistance of counsel") (emphasis added).  Thus, the Court need not consider Petitioner's remaining claims inasmuch as Petitioner fails to tie any such claims to the knowing or voluntary nature of his waiver or to his overall understanding of the terms of the Plea Agreement.  Such claims include his counsel's alleged: (a) failure to object to the government's alleged violation of the Speedy Trial Act,[5] (b) failure to challenge certain evidence presented by the

---

[5] To the extent the Court should reach the merits of Petitioner's ineffective assistance of counsel claims, such do not demonstrate the requisite deficiency of counsel's performance and prejudice necessary to meet the standard set forth in Strickland v.  Washington, 466 U.S. 668 (1984).  For instance, to satisfy Strickland's prejudice prong, Petitioner must show that but for his counsel's failure to object to the government's alleged violation of the Speedy Trial Act, there is a reasonable probability that the result of his criminal proceeding would have been different.  Petitioner has failed to make that showing inasmuch as his allegations regarding the alleged violation of the Speedy Trial Act are wholly speculative and unsupported by the existing record. See, e.g.,  United States v. Garvin, 270 Fed. Appx. 141, 144 (3d Cir. 2008).

government,[6] (c) failure to argue for a downward departure based on Petitioner's medical condition, strong family ties, and lack of prior criminal history,[7] or (d) misrepresentation regarding the likelihood that Petitioner would receive probation.[8] Such claims of ineffectiveness – even if true – had no bearing on Petitioner's voluntary waiver of his right to appeal or collaterally attack his sentence.

Accordingly, the Court concludes that Petitioner knowingly and willingly accepted the terms and conditions of his Plea Agreement, including his collateral attack waiver. Petitioner has failed to demonstrate that enforcement of such waiver would, based on the claims asserted herein, result in a miscarriage of justice. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is, therefore, denied.

---

[6] Even if the Court were to consider the merits of Petitioner's claim in this regard, in order to satisfy Strickland's prejudice prong, Petitioner must show that but for his counsel's failure to challenge certain evidence presented by government, the result of his criminal proceeding would have been different. Petitioner has failed to make that showing.

[7] Again, to the extent the Court should consider the merits of Petitioner's claim in this regard, Petitioner cannot show that Mr. Feinstein was deficient in failing to seek a downward departure on his behalf because, as previously indicated, Petitioner explicitly agreed not to seek such a downward departure in his Plea Agreement. See Plea Agreement at 7.

[8] Even if such a claim were true, "an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted." Shedrick, 493 F.3d at 299; see also United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003) (holding that counsel was not ineffective for allegedly promising defendant a shorter sentence where defendant was advised by the court of the court's discretion in sentencing and the potential maximum sentence); United States v. Mustafa, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant]'s former counsel may have made regarding sentencing calculations were dispelled when defendant was informed in open court that there was no guarantee as to sentence.").

## CONCLUSION

Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied inasmuch as Petitioner waived his right to bring such a motion pursuant to the terms of his Plea Agreement. An appropriate Order accompanies this Opinion.

Date:   January 21, 2010

/s/ Jose L. Linares
Jose L. Linares
United States District Judge